**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| **JEFFREY MILLS,** | * |
| Plaintiff, | * |
| v. | *   Case No.: PWG-13-3727 |
| **STATE HIGHWAY ADMINISTRATION,** | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff, an African American, works as a facility maintenance technician III for Defendant Maryland State Highway Administration ("SHA"). He contends that his supervisors have called him racial slurs since April 2013, and, along with co-workers, have subjected him to harassment, threats, and intimidation that increased after Plaintiff reported the discriminatory behavior. 2d Am. Compl. ¶¶ 10, 15–29, 32, ECF No. 17-3.[1] His supervisors, he claims, did not address his concerns, but rather denied him administrative leave, questioned him about two unapproved absences, "counseled him about his work and attendance actions," and issued a written reprimand to him. *Id.* ¶¶ 37–42, 51–53. Plaintiff's suit against his employer includes, *inter alia*, a claim for a violation of Article 24 of the Maryland Declaration of Rights in Count V and a claim for a violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d-1 and 2000d-3, in Count VI. SHA has moved to dismiss Count V on sovereign immunity grounds and

---

[1] For purposes of considering Defendant's Motion to Dismiss, ECF No. 19, I accept as true the facts that Plaintiff alleged in the Second Amended Complaint, which is the operative complaint. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

to dismiss Count VI for failure to state a claim. Def.'s Mot. ¶ 2. Because I agree with the SHA, I will grant its motion to dismiss those counts.[2]

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Rule 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

---

[2] Defendant filed its original Motion to Dismiss Counts V and VI ("Def.'s Mot."), ECF No. 19, with regard to Plaintiff's Amended Complaint, while Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 17, was pending. Plaintiff filed an Opposition, ECF No. 23. Thereafter, I granted Plaintiff's motion to amend as unopposed, ECF No. 22, and Defendant filed another Motion to Dismiss Counts V and VI ("Def.'s Renewed Mot."), ECF No. 27, clarifying that the motion applied to Plaintiff's Second Amended Complaint and incorporating the arguments set forth in the memorandum that accompanied its original motion. Defendant did not file a reply with regard to its original motion, Plaintiff did not respond to Defendant's renewed motion, and the deadlines for both filings have passed. *See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6. I will grant Defendant's original Motion to Dismiss Counts V and VI, ECF No. 19, for the reasons set forth in this Memorandum Opinion, and deny Defendant's renewed motion, ECF No. 27, as moot in light of that ruling.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

## II. DISCUSSION

### A. *Violation of Article 24 of the Maryland Declaration of Rights (Count V)*

Defendant moves to dismiss Count V on sovereign immunity grounds pursuant to the Eleventh Amendment, which provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although the Eleventh Amendment does not "by its terms . . . bar suits against a state by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1975) (citations omitted); *see also Hans v. Louisiana*, 134 U.S. 1, 19 (1890). From this case law, "the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Edleman*, 415 U.S. at 663 (citations omitted). Accordingly, such a suit only may be brought where the state has consented expressly to be sued in federal court or where a suit rests on an enactment pursuant to the Fourteenth Amendment. *See Beckham v. Nat'l R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 549 (D. Md. 2008) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Fitzpatrick v. Bitzer*, 427 U.S. 554, 452–56 (1976)).

Noting that "[t]he State of Maryland has waived its sovereign immunity as to Plaintiff's discrimination claims brought pursuant to the FEPA," Plaintiff argues that "[t]he Court should find that the waiver embodied in [Md. Code Ann., State Gov't] § 20-903 similarly applies to claims

brought under Article 24" because "Article 24 . . . stands in *pari material* to the FEPA."[3]  Pl.'s Opp'n 3–4.  However, this Court consistently has held to the contrary that Maryland has not waived its sovereign immunity with regard to "claims brought for violations of Articles 24 and 26 of the Maryland Declaration of Rights."  *Mason v. Mayor of Baltimore*, No. HAR-95-41, 1995 WL 168037, at *2 (D. Md. Mar. 24, 1995); *see Reid v. Munyan*, No. WMN-12-1345, 2012 WL 4324908, at *5 (D. Md. Sept. 18, 2012) (dismissing claim against Baltimore Police Department under Article 24 because the department "enjoys the common law sovereign immunity from tort liability of a State agency"); *Brown v. Tshamba*, No. RDB-11-609, 2011 WL 2935037, at *7 (D. Md. July 18, 2011) (same); *McDaniel v. Maryland*, No RDB-10-189, 2010 WL 3260007, at *3 (D. Md. Aug. 18, 2010) (dismissing Articles 24 and 26 claims against state agencies for failure to "comply with the notice requirements of the Maryland Tort Claims Act ("MTCA"), Md. Code Ann., State Gov't § 12–101, *et seq.*, which provides a limited waiver of State sovereign immunity").

Maryland's sovereign immunity extends to its agencies.  *Forte v. Bd. of Educ. of Harford Cnty.*, No. WMN-14-1490, 2014 WL 6893829, at *3 (D. Md. Dec. 4, 2014).  SHA is an agency of the State of Maryland. *Strong v. Swaim-Stanley*, No. WMN-12-1924, 2012 WL 4058054, at *1 (D. Md. Sept. 13, 2012).  Accordingly, Plaintiff cannot bring claims in this Court against the SHA for a violation of Article 24 of the Maryland Declaration of Rights, and Count V must be dismissed.

B.  *Violation of Title VI (Count VI)*

Pursuant to Title VI, "[n]o person in the United States shall, on the ground of race … be subjected to discrimination under any program or activity receiving Federal financial assistance."

---

[3] Maryland Fair Employment Practices Act, Md. Code Ann., State Gov't § 20-606.

42 U.S.C. § 2000d. Significantly, to ensure that it "is not transformed into an avenue for pursuing all employment discrimination claims," Title VI provides that an employer's employment practices are not actionable "'except where a primary objective of the Federal financial assistance is to provide employment.'" *Rogers v. Bd. of Educ. of Prince George's Cnty.*, 859 F. Supp. 2d 742, 747 (D. Md. 2012) (quoting 42 U.S.C. § 2000d–3). Therefore, "there must be a 'logical nexus' between the alleged discriminatory practices targeted by agency action and the use of federal funds—i.e., both must relate to employment." *Id.* Thus, to state a claim, a plaintiff must allege (1) that the defendant is a "program or activity receiving Federal financial assistance," (2) that "a primary objective of the federal funding defendant receives is to provide employment, or [] that the employment discrimination complained of necessarily causes discrimination against the intended beneficiaries of the federal funding," and (3) that the defendant subjected the plaintiff to racial discrimination. *Id.* at 750, 752. Although providing employment does not have to be the only objective of the funding, and it is sufficient for it to be "*a* primary goal," the word "primary" is strictly interpreted. *Id.* at 751.

The first element is undisputed, as Defendant acknowledges that it "receives significant funds from the Federal Highway Administration." Def.'s Mem. 9. Also, Defendant does not challenge whether Plaintiff has alleged sufficiently that Defendant subjected him to racial discrimination. *See id.* at 7–10. What Defendant does challenge is the sufficiency of Plaintiff's assertions that "the primary purpose of all of the federal funds received by SHA" is "hiring employees, and, by implication, the Plaintiff in particular." *Id.* at 9. Noting that "there are no additional facts that indicate that Plaintiff's employment is related in any way to this program," Defendant argues that Plaintiff's allegations "do not satisfy the burden to establish that providing employment was a primary purpose of the particular program under which he is employed." *Id.*

5

at 8–9. Defendant insists that, "[u]nder this extended logic, few programs that employed people would be excluded." *Id.* at 9.

Plaintiff counters that he "sufficiently has alleged a cause of action under Title VI" because he "has alleged that Defendant is a recipient of federal financial assistance and that such federal financial assistance was used for the primary purpose of employment or that the employment discrimination complained of necessarily concerns discrimination against the intended beneficiaries of the federal financial assistance." Pl.'s Opp'n 5. It is true that, in his Second Amended Complaint, Plaintiff alleges that Defendant receives "substantial federal financial assistance, the primary objective of which is to provide employment," 2d Am. Compl. ¶ 97, and that "[s]uch discrimination in employment necessarily caused discrimination against the primary beneficiaries of the federal assistance," *id.* ¶ 102. But, this "[t]hreadbare recital[] of the elements of a cause of action" does not suffice under Rule 8. *See Iqbal*, 556 U.S. at 678–79.

Nonetheless, Plaintiff argues against dismissal because, in his view, "the facts regarding the purposes of the federal financial assistance critical to Plaintiff's Title VI claim can be developed through discovery,"[4] as those facts "are held by Defendant . . . . in the funding or oversight documents pertinent to the federal financial assistance received by Defendant." Pl.'s Opp'n 6–7. Rule 11 permits a plaintiff to plead that, "to the best of the person's knowledge, information, and belief," specifically identified factual contentions "will likely have evidentiary

---

[4] To the extent that Plaintiff seeks discovery pursuant to Rule 56(d) before I dispose of Defendant's motion, his request is denied. A Rule 56(d) request is made properly when a party has moved for summary judgment and the non-moving party seeks discovery because it "cannot present facts essential to justify its opposition." *See* Fed. R. Civ. P. 56(d)(2). Here, Defendant has moved to dismiss, not for summary judgment, and the motion has not been converted to one for summary judgment. *See* Fed. R. Civ. P. 12(d). Therefore, Plaintiff must state his claims sufficiently to proceed to discovery, not request discovery to state his claim sufficiently. *See Potomac Riverboat Co., LLC v. Curtis Marine of N.Y., Inc.*, 2013 WL 6718133, at *3 (D. Md. 2013).

support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Yet, Plaintiff did not plead facts that likely would be supported by information garnered in discovery. This is a pleading deficiency that cannot be cured in Plaintiff's Opposition. *See Nicholson v. Fitzgerald Auto Mall*, No. RDB-13-3711, 2014 WL 2124654, at *4 (D. Md. May 20, 2014) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") (citation and quotation marks omitted); *Wright v. Kent County Dep't of Soc. Servs.*, No. ELH-12-3593, 2014 WL 301026, at *24 (D. Md. Jan. 24, 2014) (same); *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (same), *aff'd*, 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) ("[A plaintiff] is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."), *aff'd,* 141 F.3d 1162 (4th Cir. 1998).

The appropriate vehicle would have been a motion to amend, but none is pending before me. Indeed, Plaintiff has amended twice without curing this deficiency. In any event, amendment would be futile because the primary objectives of the federal funds are to provide roads for the public and to improve public safety, *see* 23 U.S.C. § 101, not to provide employment, which is incidental to providing roads. Consequently, Plaintiff's Title VI claim is dismissed for failure to state a claim. *See Iqbal*, 556 U.S. at 678–79.

### III. CONCLUSION

Defendant's original Motion to Dismiss Counts V and VI, ECF No. 19, IS GRANTED, and Plaintiff's claims for violations of Article 24 of the Maryland Declaration of Rights and Title VI, in Counts V and VI, ARE DISMISSED. Defendant's renewed Motion to Dismiss, ECF No. 27, IS DENIED AS MOOT in light of this ruling. I will enter a Scheduling Order and Discovery

Order and schedule a Rule 16 conference to discuss pretrial proceedings regarding the remaining claims in Counts I–IV.

      A separate order shall issue.

Dated: <u>January 5, 2015</u>　　　　　　　　　　　<u>　　　　/S/　　　　　</u>
                                                 Paul W. Grimm
                                               United States District Judge

lyb